AMENDED CLD-012                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2665
_____

In re:  ANDREW COX,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-16-cv-00345)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 15, 2020

Before: RESTREPO, MATEY and SCIRICA, Circuit Judges

(Opinion filed: June 7, 2021)
_____

OPINION*
_____

PER CURIAM

    Andrew Cox is a federal prisoner proceeding pro se.  In January 2016, Cox filed a

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the

United States District Court for the District of New Jersey.  The Government filed an

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

answer to the motion in March 2018. In January 2020,[1] the District Court, having found the answer deficient, directed the Government to supplement its answer and submit a copy of the sentencing transcript. Due to an oversight, the Government neglected to do so.[2] On May 13, 2020, the District Court contacted the Government to follow up on the January order. After the Government explained its oversight to the District Court during a teleconference, the Government submitted its supplement to the answer. Cox later moved the District Judge to recuse herself based on these ex parte communications with the Government. That motion remains pending.

In August 2020, Cox filed in this Court a petition for writ of mandamus asking us to compel the District Judge to recuse herself. According to Cox, the District Judge "initiated ex parte communications with respondent United States, and then, if that were not bad enough, had a secret, ex parte teleconference with [the AUSA] regarding the Government's default of her 27 January 2020 order to supplement and subsequent abandonment of Cox's prosecution." Pet. 3, ECF No. 1-1. Cox also asserted that, because of her bias against him, the District Judge has no intention of ever adjudicating his § 2255 motion, which has been pending for over four years.

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). A petitioner must ordinarily have no other means to obtain the desired

---

[1] Cox filed a number of motions in the interim.
[2] On May 12, 2020, Cox filed a mandamus petition seeking our intervention in the § 2255 proceedings because, he argued, the Government had abandoned its opposition to his motion. This Court denied the petition. C.A. No. 20-1993 (order entered on Jun. 9, 2020).

relief, and he must show a clear and indisputable right to issuance of the writ.  In re Sch. Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992).

A mandamus petition can be a proper means of challenging a district judge's refusal to recuse pursuant to 28 U.S.C. § 455.  In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004).  Recusal is required when: (a) a judge's impartiality might reasonably be questioned; or (b) a judge has a personal bias or prejudice against a party.  28 U.S.C. § 455.

We will deny the petition because Cox has not shown that he is entitled to an order requiring the District Judge's recusal.  Although ex parte communications are strongly disfavored, see In re Kensington, 368 F.3d at 309-10, the District Judge's May 13, 2020 videoconference with the Government does not warrant recusal here because there is no indication that substantive advice was either solicited or offered.  See In re Sch. Asbestos Litig., 977 F.2d at 789 (stating that ex parte contacts are "tolerated of necessity . . . where related to non-merits issues [and] for administrative matters . . ."); cf. In re Kensington, 368 F.3d at 305 ("We do not hold that ex parte communications alone—in the absence of any conflict of interest--require recusal.").  Moreover, to the extent that Cox complains about the pace of his § 2255 proceedings, the docket report reflects that the case is moving forward and mere dissatisfaction with prior rulings does not warrant recusal.  See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.").  Lastly, we discern no evidence of bias in the record.

Accordingly, we will deny the petition for a writ of mandamus.[3]

---

[3] Cox filed documents titled "Notice of Newly Discovered Evidence Supporting Petitioner's Emergency Motion for Release" and "Status Update on the COVID-19 Pandemic at FCI Elkton (Low)." Both of these documents support his Emergency Motion for Release, which this Court denied by order entered October 13, 2020. We have reviewed these documents and see no reason to disturb that ruling.